UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH E. PATTERSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16-CV-808 RWS |
| STATE OF INDIANA BOARD OF VITAL HEALTH RECORDS, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The motion is granted. Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff says he was born in 1937 in Indiana and that his mother was given a doctor's birth certificate. Apparently, the birth certificate was not recorded in the county's records. When plaintiff joined the Army in 1955, he had to sign a special certificate of birth. Plaintiff says that "today, due to world war problems, that Indiana special certificate of birth is not recorded in the 2011 vital computer file." He believes this violates his Eighth Amendment right to be free from cruel and unusual punishment. For relief, he wants defendant to "take [his] name off your enemy list, or whatever." He also seeks $1 billion monetary relief.

## Discussion

The Court first notes that venue does not lie in this Court because defendant is located in Indiana. *See* 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406, the Court is required to dismiss a case lying in the wrong venue or to transfer it to the correct court "if it be in the interest of justice."

The Court declines to transfer this case to a federal court in Indiana. Plaintiff's allegations pertaining to the denial of his constitutional rights are wholly insubstantial. Whether plaintiff's birth certificate is properly recorded in Indiana or not is not an issue giving rise to relief in federal court. The Eighth Amendment's prohibition on cruel and unusual punishment is simply not implicated. As a result, this action is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 8th day of June, 2016.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE